■ In the Matter of BOGDAN MIECZKOWSKI, Appellant, v

ITHACA COLLEGE, Respondent.—Yesawich, Jr., J. Appeal from a judgment of the Supreme Court (Swartwood, J.), entered August 13, 1986 in Tompkins County, which, in a proceeding pursuant to CPLR article 78, granted respondent's motion to dismiss the petition.

This litigation is the outgrowth of disciplinary action taken by respondent against petitioner, a tenured professor, in 1973 when respondent's former president, Ellis L. Phillips, sent petitioner a letter of dismissal. Following hearings had by an ad hoc committee appointed to examine into the charges underlying issuance of the letter the committee concluded, to the extent relevant here, that the evidence adduced supported issuance only of a letter of warning. Although the committee stated in its decision that an opinion explaining the reasoning behind its decision would follow in due course, none was forthcoming. Phillips, by letter dated August 28, 1974, notified petitioner he was accepting the committee's determination and declared the letter of dismissal to be a letter of warning.

In October 1977, petitioner asked respondent's current president, James J. Whalen, to remove the warning letter from his personnel file. Since removal of such letters was not addressed in the faculty handbook, which controlled the procedural aspects of this matter, and Whalen felt he could not undo the circumstances which led to the disciplinary action taken by his predecessor, he informed petitioner by a letter dated December 9, 1977 that the letter of warning would not be removed.

With the letter still in his personnel file, petitioner commenced this CPLR article 78 proceeding in 1986 to compel its removal. Respondent's motion to dismiss the petition for failure to state a cause of action and on Statute of Limitations and laches grounds was granted, prompting this appeal. We affirm.

Whether the relief is characterized as mandamus to compel or review, the petition is time barred by CPLR 217. The four-month limitations period as it applies to mandamus to compel began to run when respondent refused to perform its alleged duty—one respondent vigorously denies any law or internal rule or regulation imposes—to remove the letter after petitioner demanded respondent do so. Giving petitioner the benefit of correspondence urging removal of the letter, written by petitioner's colleagues, to which no response was had, does not salvage petitioner's cause, for the last of that correspondence occurred in 1980, six years before this proceeding was instituted. Viewing the petition as in the nature of mandamus

to review is no more favorable to petitioner for it must have become apparent to him in 1980, when respondent failed to answer the letter written by petitioner's department chairman recommending the letter's removal, that no other action would be taken and that respondent's decision in that regard was final.

Parenthetically, we reject petitioner's contention that the proceedings initiated by respondent against petitioner have not been terminated, but continue and, hence, the instant petition was timely commenced. This argument is based upon the ad hoc committee's failure to produce, as promised, an opinion expounding upon its 1974 decision. The time to review the committee's lack of action in this respect has long since passed.

The proceeding being time barred, we find it unnecessary to address petitioner's other claims.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey, Yesawich, Jr., and Levine, JJ., concur.